988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Renard HOLIDAY, Defendant-Appellant.
 No. 90-50177.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-89-0877-WMB-1; William Matthew Byrne, Jr., District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Renard Holiday appeals his conviction, following a jury trial, for assault with a dangerous weapon and assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(c), (f). We have jurisdiction under 28 U.S.C. § 1291, and we grant counsel's motion to withdraw and affirm the district court's judgment.
 
 
 3
 Pursuant to Anders v. California, 386 F.2d 738 (1967), Holiday's counsel filed a brief which identified one possible issue for review: whether Holiday was prejudiced by the government's actions during the testimony of a witness. Specifically, during the cross-examination of a government witness, either counsel for the government or the FBI agent sitting at the government table shook his head indicating disbelief in the witness' testimony.
 
 
 4
 We review prosecutorial misconduct for harmless error. United States v. Sherlock, 962 F.2d 1349, 1364 (9th Cir.), cert. denied 113 S.Ct. 419 (1992).
 
 
 5
 Prosecutorial misconduct is viewed in the context of the entire trial in order to determine whether the conduct "appears likely to have affected the jury's discharge of its duty to judge the evidence fairly." United States v. Simtob, 901 F.2d 799, 806 (9th Cir.1990) (improper vouching of a key witness' credibility by the prosecutor in a close case invites reversal). "Prompt and effective action by the trial court may neutralize the damage by admonition to counsel or by appropriate curative instructions to the jury." Id.
 
 
 6
 Here, during the testimony of a witness, someone sitting at the government's table shook his head in disbelief of the testimony. The trial court sua sponte admonished the participants and stated that it did not want "any heads shaking from anybody at those counsel tables." The court also gave the jury the following curative instruction:
 
 
 7
 Now, ladies and gentlemen, none of the attorneys nor the witness nor the agent in this case are going to be commenting in any way either vocally or by shaking of their head of liking or not liking the testimony, and any further incidents of that will be dealt with, but disregard any such comments or actions on the part of any of the participants (RT vol. II; p. 221).
 
 
 8
 The court further admonished all parties, outside the presence of the jury, that they were to refrain from commenting on the credibility of the testimony.
 
 
 9
 The trial court's prompt action neutralized any damage that might have been done by the government's actions. Cf. Simtob, 901 F.2d at 806. Any prosecutorial conduct resulting from the actions appears minimal and likely had only a negligible effect on the jury. See Sherlock, 962 F.2d at 1364-65. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review. Accordingly, we affirm the district court's judgment and grant the motion of Michael J. Treman, Esq., to withdraw as counsel of record.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3